## No. 5.

**STATE** *against* **E. & L. STANHOPE.** *Franklin,* 1816.

AN Indictment for larceny, will not abate, where the plea of *alien enemy,* does not alledge, particularly, the mode and manner, (i. e. the facts, by which the respondents, are subjects of the sovereign at war) nor, that the taking the goods, alledged to have been stolen, was an act of war, or that respondents did the act in character of an enemy.

## No. 6.

**EDMONDS ET AL.** *against* **MORRILL.** *Franklin,* 1816.

A process for *forcible entry and detainer,* will not abate ; because the plaintiffs, in describing their possession, state, they were possessed, as *executors.*

## No. 7.

**BROWN** *against* **HINMAN.** *Bennington,* 1817.

A bond, to prosecute an appeal, from a decree of Probate, must be given, in the usual form, of executing bonds ; and if taken, by way of recognizance, the process will abate ; even after continuance.

NOTE.—In the case of Boyden Adm. of Brown against Phelps. Windham, 1818. The Court decided, after argument, to sustain an appeal, from the decree of Judge of Probate ; although the bond to prosecute, was taken by way of recognizance.

## No. 8.

**LACY, ADMINISTRATOR** *against* **ROBERTS.** *Bennington,* 1817.

IN case a plea of abatement is offered in the County Court, judgment thereon with a *respondeas ouster,* and trial had on the merits ; whereupon, the cause is appealed, to the Supreme Court. The Court will hear the question in abatement.